UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

DEBBIE HAYWARD,
      Plaintiff,

-vs.-                                **DEMAND FOR JURY TRIAL**


R.M. GALICIA, INC.,
a/k/a PROGRESSIVE MANAGEMENT SYSTEMS,
      Defendant.
_____


# COMPLAINT & JURY DEMAND

Plaintiff, Debbie Hayward, through counsel, Nitzkin and Associates, by Gary Nitzkin

states the following claims for relief:


# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15
   U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims
   arising out of the same nucleus of operative facts which give rise to the Federal law
   claims.


# PARTIES

3. The Defendant to this lawsuit is R.M. Galicia, Inc. which is a California company that
   maintains registered offices in Ingham County.

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in Los Angeles County.

5.  Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6.  Plaintiff has granted her power of attorney to Pam Wheeler.

7.  Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Presbyterian Intercomm Hospital.

8.  On or about October 10, 2011, Ms. Wheeler, on behalf of the plaintiff, faxed a letter to the defendant instructing it to cease and desist having any further communication with the Plaintiff in connection with its efforts to collect the debt.

9.  The letter also directed the Defendant to stop calling both Plaintiff and Ms. Wheeler.

10. Defendant continued to call Ms. Wheeler matters on October 26, 2011, October 27, 2011, October 28, 2011 November 3, 2011 and November 17, 2011

11. in the voicemails that it had left for Ms. Wheeler, the Defendant failed to identity its company name in one of these messages. Also, Defendant failed to state that it is a debt collector in these messages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

17. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

18. Plaintiff incorporates the preceding allegations by reference.

19.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

20. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

22. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

23. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff incorporates the preceding allegations by reference.

25.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

26. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

27. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

28. Plaintiff has suffered damages as a result of these violations of the MCPA.

29. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.   Actual damages.

b.   Statutory damages.

c.   Treble damages.

d.   Statutory costs and attorney fees.

Respectfully submitted,


December 2, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com