UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEBBIE HAYWARD,<br><br>               Plaintiff,<br><br>v.<br><br>R.M. GALICIA, INC., a/k/a<br>PROGRESSIVE MANAGEMENT<br>SYSTEMS,<br><br>               Defendant. | HON: JANET T. NEFF<br>Civil Action No.: 11-cv-01265-JTN |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW R.M. Galicia, Inc., a/k/a Progressive Management Systems (hereinafter "Progressive Management") and responds to the Complaint (Docket Entry No. 1), as follows:

### JURISDICTION

1. Progressive Management admits the allegations contained in ¶ 1 of the Complaint for jurisdictional purposes only.

2. Progressive Management admits the allegations contained in ¶ 2 of the Complaint for jurisdictional purposes only.

### PARTIES

3. Progressive Management admits it is a California corporation with a principal place of business in Los Angeles County, California, and having a registered office in Ingham County. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 3 of the Complaint.

## VENUE

4. Progressive Management admits all of the transactions and occurrences that are alleged to give rise to the claims purportedly asserted in the Complaint are alleged to have occurred in Los Angeles County, California. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 4 of the Complaint.

5. Progressive Management denies venue is proper in the Western District of Michigan as alleged in ¶ 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Progressive Management admits the allegations contained in ¶ 6 of the Complaint on information and belief.

7. Progressive Management admits that, at relevant times, it made one or more attempts to collect an outstanding indebtedness allegedly owed by Plaintiff to Presbyterian Intercomm. Hospital. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 7 of the Complaint.

8. Progressive Management admits its records reflect that, on or about October 24, 2011, it documented receipt of correspondence purportedly from Plaintiff's attorney, MyCreditMatters a/k/a Pam Wheeler, regarding Plaintiff's account number xxxxxx2212. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 8 of the Complaint, as the original October 24, 2011 correspondence is the best evidence of its contents.

9. Progressive Management denies the allegations contained in ¶ 9 of the Complaint, as the original October 24, 2011 correspondence is the best evidence of its contents.

10. Progressive Management admits it placed 5 telephone calls to MyCreditMatters and received one call from MyCreditMatters following receipt of October 24, 2011 correspondence from MyCreditMatters, but Progressive Management denies the calls were made in an attempt to collect a debt. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 10 of the Complaint.

11. Progressive Management denies the allegations contained in ¶ 11 of the Complaint.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

12. For answer to ¶ 12 of the Complaint, Progressive Management realleges the above admissions and denials and incorporates them by reference.

13. Progressive Management admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 13 of the Complaint.

14. Progressive Management denies the allegations contained in ¶ 14 of the Complaint as calling for a legal conclusion and for lack of sufficient information to justify a reasonable belief therein.

15. Progressive Management denies the allegations contained in ¶ 15 of the Complaint as calling for a legal conclusion and for lack of sufficient information to justify a reasonable belief therein.

16. Progressive Management denies the allegations contained in ¶ 16 of the Complaint.

17. Progressive Management denies the allegations contained in ¶ 17 of the Complaint.

## COUNT II – MICHIGAN OCCUPATIONAL CODE

18. For answer to ¶ 18 of the Complaint, Progressive Management realleges the above admissions and denials and incorporates them by reference.

19. Progressive Management admits that when it acts as a collection agency as defined by the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, Progressive Management denies the allegations contained in ¶ 19 of the Complaint.

20. Progressive Management denies the allegations contained in ¶ 20 of the Complaint as calling for a legal conclusion and for lack of sufficient information to justify a reasonable belief therein.

21. Progressive Management denies the allegations contained in ¶ 21 of the Complaint as calling for a legal conclusion and for lack of sufficient information to justify a reasonable belief therein.

22. Progressive Management denies the allegations contained in ¶ 22 of the Complaint.

23. Progressive Management denies the allegations contained in ¶ 23 of the Complaint.

## COUNT III – MICHIGAN COLLECTION PRACTICES ACT

24. For answer to ¶ 24 of the Complaint, Progressive Management realleges the above admissions and denials and incorporates them by reference.

25. Progressive Management denies the allegations contained in ¶ 25 of the Complaint.

26. Progressive Management denies the allegations contained in ¶ 26 of the Complaint as calling for a legal conclusion and for lack of sufficient information to justify a reasonable belief therein.

27. Progressive Management denies the allegations contained in ¶ 27 of the Complaint.

28. Progressive Management denies the allegations contained in ¶ 28 of the Complaint.

29. Progressive Management denies the allegations contained in ¶ 29 of the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial at page 4 of the Complaint does not require a response. To the extent an affirmative response is deemed to be required, Plaintiff's demand for a jury trial is denied.

## DEMAND FOR JUDGMENT FOR RELIEF

Plaintiff's demand for judgment for relief at page 4 of the Complaint does not require a response. To the extent an affirmative response is deemed to be required, Plaintiff's demand for judgment for relief is denied.

## AFFIRMATIVE DEFENSES

AND NOW, further responding to the Complaint, Progressive Management avers, as follows:

1. Plaintiff lacks standing.

2. Venue is improper in the United States District Court for the Western District of Michigan.

3. Michigan law does not apply to this case or controversy.

4. Plaintiff has not stated a claim upon which relief may be granted.

5. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6. Progressive Management denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Progressive Management's purported conduct.

7. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

8. Assuming Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

9. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Progressive Management and was beyond the control or supervision of Progressive Management or anyone for whom Progressive Management is responsible.

Dated: March 14, 2012

                                  Respectfully submitted,

/s/ Deborah A. Lujan
COLLINS, EINHORN, FARRELL & ULANOFF
Deborah A. Lujan (P46990)
Attorney for Defendant, R.M. Galicia, Inc.
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

Attorney for Defendant R.M. Galicia, Inc., a/k/a Progressive Management Systems

## CERTIFICATE OF SERVICE

I certify that on March 14, 2012, a copy of the foregoing **Answer and Affirmative Defenses** was served on the following attorneys of record at the address below, via the Court's Case Management, Electronic Case Filing System.

Nitzkin & Associates
Gary D. Nitzkin
22142 West Nine Mile Road
Southfield, MI 48033
gnitzkin@creditor-law.com

/s/ Deborah A. Lujan
Attorney for Defendant R.M. Galicia, Inc., a/k/a Progressive Management Systems